#1-07000/69802-RDT

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**XMEX TRANSPORT, LLC, CHARLES** )<br>**STRADER, LORENA MUNOZ,** )<br>**individually and on behalf of the** )<br>**ESTATE OF LORENZO MUNOZ, and** )<br>**as next friend of L. M. and C. M.,** )<br>**minor children, VIRGINIA MUNOZ,** )<br>**ROSA FRANCEWARE, individually** )<br>**and as next friend of E. L. F., a minor,** )<br>**and as administratrix of the ESTATE** )<br>**OF ROGER FRANCEWARE, JESSICA** )<br>**LOPEZ, Administratrix of the** )<br>**ESTATE OF ROGER FRANCEWARE** )<br>**and as next friend of A. F. and J. F.,** )<br>**minor children, A-Z TRAILERS, INC.,** )<br>**DYKES & DYKES TRAILERS, INC.,** )<br>**GOAL TRANSPORTS, INC. d/b/a** )<br>**CALVIN K.TRANSPORTATION, LLC,** )<br>**JOSE M. GOMEZ, ANDRES SOTELO,** )<br>**TRANS FRONT, INC., OSCAR** )<br>**FLORES, JOAQUIN CORTEZ** )<br>**SANCHEZ, TRANSPORTES** )<br>**AMERICANOS, and SMTC MEX-HOLD,** )<br>)<br>    **Defendants.** ) | NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Canal Insurance Company, by and through counsel and for its Complaint against the Defendants would show the Court as follows:

1

## PARTIES

1. Canal Insurance Company (hereinafter referred to as "Canal") is a South Carolina corporation with its principal place of business located at 400 E. Stone Avenue, Greenville, South Carolina 29601.

2. Defendant XMEX Transport, LLC (hereinafter referred to as "XMEX") is a Tennessee limited liability company with a principal place of business at 2005 Ailor Avenue, Knoxville, Tennessee 37921.

3. Defendant Charles Strader a/k/a Chip Strader (hereinafter referred to as "Strader") is an adult citizen and resident of 2000 Eastbridge Pkwy., Mascott, Tennessee 37806 or 212 Bartall Way, Seymour, Tennessee 37865.

4. Lorena Munoz, individually and on behalf of the Estate of Lorenzo Munoz, and as next friend of L. M. and C. M., minor children, and Virginia Munoz (hereinafter collectively referred to as "Munoz"), are citizens of the State of Texas and reside at 3709 Paso de Fe, El Paso, Texas 79928.

5. Defendant Rosa Franceware on behalf of the Estate of Roger Franceware and individually and as next friend of E. L. F., a minor, is an adult citizen and resident of 1400 Verdi Place, El Paso, Texas 79936.

6. Defendant Jessica Lopez as administratrix of the Estate of Roger Franceware and as next friend of A. F. and J. F. O., minor children, is an adult citizen and resident of 8118 Swan Meadow Lane, Humble, Texas 77338 (hereinafter collectively referred to as "Franceware").

7. Defendant A-Z Trailers, Inc. (hereinafter referred to as "A-Z Trailers") is a Texas corporation with its principal place of business located at 6927 N. Mesa #D, El Paso,

TX 79912 and may be served with process through its registered agent C. Michael Maddox, 1150 Joe Battle Blvd., El Paso, Texas 79936.

8. Defendant Dykes & Dykes Trailers, Inc. (hereinafter referred to as "Dykes & Dykes Trailers") is a Texas corporation and may be served with process through its registered agent J. Crawford Kerr, 6070 Gateway East, Ste. 102, El Paso, Texas 79905.

9. Defendant Goal Transports, Inc. d/b/a Calvin K. Transportation, LLC (hereinafter referred to as "Goal Transports") is a Texas corporation and may be served with process through its registered agent Sandra Trejo, 8600 Gateway Blvd. East, El Paso, Texas 79907.

10. Defendant Jose M. Gomez is an adult citizen and resides at 8600 Gateway, El Paso, Texas 79907.

11. Defendant Andres Sotelo is an adult citizen and resides at 1790 N. Lee Trevino, Ste. 408, El Paso, Texas 79936.

12. Defendant Trans Front, Inc. is a Texas corporation and may be served with process through its registered agent Cinthia Salas, 332 Rio Dulce St., El Paso, Texas 79932 and/or 1201 Kessler Street, El Paso, Texas 79930.

13. Defendant Oscar Flores is an adult foreign resident and resides at Calle Uno No 733, Guadalajara, JAL 44940 Mexico.

14. Defendant Joaquin Cortez Sanchez is an adult foreign resident and resides at Calle Uno No 733, Guadalajara, JAL 44940 Mexico.

15. Defendant Transportes Americanos is a foreign corporation and may be served with process through Oscar Flores and/or Joaquin Cortez Sanchez at Calle Uno No 733, Guadalajara, JAL 44940 Mexico.

3
Case 3:12-cv-00178-TWP-HBG   Document 1   Filed 04/17/12   Page 3 of 12   PageID #: 175

16. Defendant SMTC MEX-HOLD is a corporation doing business in Texas and may be served with process through its President/Vice-President at 1325 Pendale Road, Ste. F, El Paso, Texas 79936.

## JURISDICTION AND VENUE

17. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

18. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events given rise to the claim including the district where the contract insurance at issue between XMEX and Canal was issued.

## FACTS

### Munoz Lawsuit

19. On October 25, 2010, an Original Petition for wrongful death was filed in the District Court of El Paso County, Texas, 168th Judicial District, by Defendant Munoz against Moore Freight Services, Inc. (hereinafter "Moore") and Franceware. The lawsuit (hereinafter referred to as "Munoz lawsuit") bears cause number 2010-4169, a copy is attached hereto as **Exhibit A**.

20. On or about November 23, 2010, in the Munoz lawsuit, a First Amended Petition was filed by Defendant Munoz which, among other things, named additional Defendants A-Z Trailers, Inc., XMEX Transports, LLC, and Chip Strader. A copy of the First Amended Petition is attached hereto as **Exhibit B**.

21. On or about February 8, 2011, in the Munoz lawsuit, Rosa Franceware filed an Original Petition in Intervention for Wrongful Death, and a copy of this Original Petition for Wrongful Death is attached hereto as **Exhibit C**.

22. On or about June 16, 2011, in the Munoz lawsuit, a Third Amended Petition was filed by Defendant Munoz which, among other things, named additional Defendants Goal Transports, Inc. d/b/a Calvin K. Transportation LLC and Jose M. Gomez. A copy of the Third Amended Petition is attached hereto as **Exhibit D**.

23. On or about September 8, 2011, in the Munoz lawsuit, a Fourth Amended Petition was filed by Defendant Munoz which, among other things, named additional Defendants Andres Sotelo, Trans Front, Inc., Oscar Flores, Joaquin Cortez Sanchez, Trasnportes Americanos, and SMTC MEX-HOLD. A copy of the Fourth Amended Petition is attached hereto as **Exhibit E**. The allegations of the underlying Munoz tort suit arise from alleged personal injury and wrongful death sustained in a motor vehicle accident occurring in Mitchell County, Texas on or about August 17, 2010.

24. According to the allegations of the Munoz lawsuit, on or about August 17, 2010, Roger Franceware was a passenger in a tractor-trailer (2007 International truck, VIN #2HSCNSCR57C432761) owned, maintained and serviced by Moore Freight Service, Inc. Franceware was employed by Moore Freight Services, A-Z Trailers, XMEX Transport, Chip Strader, Goal Transport and/or Jose Gomez. The tractor-trailer which may have been driven by Roger Franceware was involved in an accident causing the death of Lorenzo Munoz.

25. The Munoz lawsuit alleges that the various defendants, including XMEX, Franceware, and Strader, are liable for the death of Lorenzo Munoz under theories of strict product liability and negligence which proximately caused the injury and resulting death.

26. The Petition in Intervention for Wrongful Death filed by Rosa Franceware in the Munoz lawsuit alleges that Lorenzo Munoz was driving the tractor-trailer at the time of the accident and that his negligence proximately caused the accident and the resulting death of Roger Franceware. The Petition in Intervention further alleges that Munoz was employed by Moore Freight Services, Inc. and Chip Strader who were liable under the principal of respondeat superior as well as liable for negligent hiring and retention, negligent supervision and training, and negligent entrustment.

### Lopez Lawsuit

27. On or about October 21, 2010, an Original Petition for wrongful death was filed in District Court of El Paso County, Texas by Jessica Lopez against Defendants Moore, A-Z Trailers, Inc., and Munoz. The lawsuit (hereinafter referred to as "Lopez lawsuit") bears cause number 2010-4182, a copy is attached hereto as **Exhibit F**.

28. On or about January 5, 2011, in the Lopez lawsuit, a First Amended Petition was filed by Defendant Lopez which, among other things, named additional Defendants Dykes & Dykes Trailers, Inc., Goal Transports, Inc., XMEX Transport, LLC, and Charles "Chip" Strader. A copy of the First Amended Petition is attached hereto as **Exhibit G**.

29. On or about February 8, 2011, in the Lopez lawsuit, Rosa Franceware filed an Original Petition in Intervention for Wrongful Death, and a copy of this Original Petition for Intervention is attached hereto as **Exhibit H**.

30.     On or about July 6, 2011, in the Lopez lawsuit, a Second Amended Petition was filed by Defendant Lopez which, among other things, named as an additional Defendant Jose M. Gomez.  A copy of the Second Amended Petition is attached hereto as **Exhibit I**.

31.     The Lopez lawsuit alleges that on August 17, 2010, Roger Franceware was a passenger in a tractor-trailer driven by Lorenzo Munoz and that Munoz's negligence proximately caused the accident resulting in the death of Franceware.  The Lopez lawsuit alleges that the vehicle was owned by Moore Freight Services, XMEX Transport, and/or Chip Strader and that Munoz was an employee of these Defendants thus vicariously liable under the theory of respondeat superior.  The Lopez lawsuit further alleges that Defendants Moore Freight Services, XMEX Transport, and/or Chip Strader were negligent, among other things, in allowing Munoz to operate the vehicle, in entrusting the vehicle to him, in failing to properly train or supervise, and in improperly maintaining the vehicle.

32.     The Petition in Intervention for Wrongful Death filed by Rosa Franceware in the Lopez lawsuit alleges that Lorenzo Munoz was driving the tractor-trailer at the time of the accident and that his negligence proximately caused the accident and the resulting death of Roger Franceware.  The Petition in Intervention further alleges that Munoz was employed by Moore Freight Services, Inc. and Chip Strader who were liable under the principal of respondeat superior as well as liable for negligent hiring and retention, negligent supervision and training, and negligent entrustment.

### Canal Insurance Policy

33.     Plaintiff Canal issued its commercial automobile policy, policy number PIA06033700 (copy attached as **Exhibit J**), to Defendant XMEX on August 6, 2010. This

"XMEX policy" was in full force and effect at all times pertinent to this action. XMEX is the named insured on this policy. The XMEX policy covers only those "specifically described autos" defined as "only those 'autos' described in Item 3 of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' while attached to any power unit described in Item 3)."

34. The XMEX policy states that, except in some instances not applicable under these facts, coverage is provided only for vehicles "owned by the named insured and described in the declarations."

35. The 2007 International truck bearing VIN #2HSCNSCR57C432761 involved in the above-described motor vehicle accident was not owned by XMEX and was not described in the XMEX policy or declarations. Therefore, coverage is not afforded under the XMEX policy for the allegations of either the Munoz or Lopez lawsuit.

36. The XMEX policy contains an exclusion for "bodily injury" to an employee of the insured arising out of and in the course of employment by the insured or performing the duties related to the conduct of the insured's business. As the plaintiffs in the underlying lawsuits allege or claim that Roger Franceware and Lorenzo Munoz were employed by XMEX, coverage is not afforded under the XMEX policy.

37. The XMEX policy contains a fellow employee exclusion which excludes coverage for bodily injury to "any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business." As the plaintiffs in the underlying lawsuits allege or claim that Roger Franceware and Lorenzo Munoz were employed by XMEX at the time of the accident, coverage is not afforded under the XMEX policy.

38. The XMEX policy contains a policy exclusion known as the Occupant Hazard Exclusion "excluding 'bodily injury' sustained by any person while in or upon, entering or alighting from the 'auto'." The Munoz lawsuit alleges that Lorenzo Munoz was an occupant of the vehicle; therefore, the Occupant Hazard Exclusion applies and coverage is not afforded under the XMEX policy. The Lopez lawsuit alleges that Roger Franceware was an occupant of the vehicle; therefore, the Occupant Hazard Exclusion applies and coverage is not afforded under the XMEX policy.

39. The XMEX policy defines an "insured" under the policy as the named insured and under most circumstances, "anyone else while using with your permission a covered 'auto' you own, hire or borrow." Neither Roger Franceware, Charles Strader a/k/a Chip Strader, nor Lorenzo Munoz is a named insured or was using a "covered auto"; therefore, coverage is not afforded under the XMEX policy. Further, neither A-Z Trailers, Dykes & Dykes Trailers, nor Goal Transports is a named insured or was using a "covered auto"; therefore, coverage is not afforded under the XMEX policy.

40. The XMEX policy provides coverage for an insured resulting from an "accident" and "bodily injury" resulting from the use of a covered "auto". The allegations of the underlying lawsuits allege a cause of action for product liability stating, among other things, that the tractor/trailer was unreasonably dangerous and that Defendants Moore, A-Z Trailers, XMEX, and Strader are strictly liable under product liability. The XMEX policy affords no coverage for allegations of product liability and such allegations do not meet the policy definitions of an "accident" and "bodily injury" arising from use of a covered "auto"; therefore, coverage is not afforded under the XMEX policy.

41. The XMEX policy contains a federally mandated endorsement (known as the "MCS-90 endorsement") that may be applicable under certain circumstances. However, the MCS-90 endorsement only applies to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce." 49 C.F.R. § 387.3. The MCS-90 endorsement does not apply to injury to or death of the insured's employees while engaged in the course of their employment. The plaintiffs in the underlying lawsuits allege or claim that Lorenzo Munoz and Roger Franceware were employed by XMEX; therefore, the MCS-90 is not applicable.

42. The MCS-90 endorsement applies only to operations of the named insured (XMEX) if it was a "for-hire motor carrier operating motor vehicles transporting property in interstate or foreign commerce at the time of the accident." Upon information and belief, XMEX Transport was not a for-hire carrier involved in the transport of property at the time of this accident as the truck was being used in the furtherance of business of other individuals, companies or entities. Upon information and belief, the truck involved in this accident was not being used in the furtherance of XMEX's business and truck was not transporting property and not engaged in interstate commerce on behalf of XMEX at the time of the accident. Therefore, the MCS-90 endorsement does not apply.

43. XMEX, Strader, A-Z Trailers, Dykes & Dykes Trailers, and Goal Transports have demanded that Plaintiff Canal provide a defense and indemnify them and XMEX's alleged driver for the Munoz lawsuit and the Lopez lawsuit filed against them and other defendants in the District Court of El Paso County, Texas.

44. Plaintiff Canal contends and asserts that it has no duty under its commercial automobile policy, policy number PIA06033700, or any endorsements attached therefore,

to defend and/or indemnify XMEX, Strader, A-Z Trailers, Dykes & Dykes Trailers, Goal Transports, or any alleged driver (either Munoz or Franceware) on the facts alleged in the Munoz lawsuit and the Lopez lawsuit filed in the District Court of El Paso County, Texas. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of these parties.

45. Further, Plaintiff Canal contends and asserts that the MCS-90 endorsement is not applicable under the facts alleged in the Munoz lawsuit and the Lopez lawsuit filed in the District Court of El Paso County, Texas. Therefore, an actual justiciable controversy exists relating to the legal rights and duties of the parties under the policy of insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Canal Insurance Company prays

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendants XMEX, Strader, A-Z Trailers, Dykes & Dykes Trailers, Goal Transports or XMEX's alleged driver in the Munoz lawsuit and the Lopez lawsuit filed in the District Court of El Paso County, Texas.

4. For a declaration that no coverage is afforded under the insured's policy and any endorsements thereto issued to XMEX Transport, LLC, policy number PIA06033700, for the claims and demands made by any Defendant in the Munoz lawsuit and the Lopez lawsuit filed in the District Court of El Paso County, Texas.

5. For a declaration that the MCS-90 endorsement to the XMEX policy is not applicable to the claims and demands made by any Defendants.

6. For the cost of this cause; and

7. For such other and further relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

    Respectfully submitted,

    RAINEY, KIZER, REVIERE & BELL, P.L.C.


By:   s/ R. Dale Thomas_____
    R. DALE THOMAS, #13439
    Attorney for Plaintiff Canal Insurance Company
    209 E. Main St.
    P. O. Box 1147
    Jackson, TN 38302-1147
    (731) 423-2414